UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-144-RJC

| | |
|---|---|
| BOBBY LEE ENGLISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| | ) |
| BURKE COUNTY SHERIFF'S OFFICE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and § 1915A. Plaintiff, who is proceeding pro se, filed a Complaint, and an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-1), on June 16, 2011. On June 27, 2011, this Court entered an Order requiring an initial partial payment from Plaintiff's inmate trust account. (Doc. No. 3).

First, as for Plaintiff's motion to proceed in forma pauperis, the Court has examined Plaintiff's financial statement and finds that Plaintiff qualifies for in forma pauperis status.

**I.     BACKGROUND**

Plaintiff is a state court inmate currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff brings various claims based on events that allegedly occurred while he was incarcerated at the Burke-Catawba District Confinement Facility ("Burke-Catawba") in Morganton, North Carolina. See (Doc. No. 1 at 2). Plaintiff has named as Defendants in the Complaint: Burke County Sheriff's Office, Nurse FNU Shook, Lieutenant FNU Bryant, Burke-

Catawba Administrator FNU Boughman, Burke County Sheriff Steve E. Whisenant,[1] Doctor FNU Chapman, and Robert Tenny.[2]

> Plaintiff makes the following factual allegations in the Complaint:
>
> After having multiple lab testing, I was approved at Central Prison by the hepatology clinic to receive treatment for Hepatitis C in 2008. Dr. Lightsey–medical staff and Burke County officials are withholding treatment, "Nurse Shook." "Doctor Chapman," [sic] Winsent. Food is not fit to eat, sometimes its served roll meat, rotton [sic], milk is hot, and over season, told Lieutenant Bryant about this matter. She told me she's not over the kitchen that I should not come to jail if I did not like there [sic] food, and told me don't eat it, but refuse to do anything to correct that situation, March. On April 19 or 2011 around 7:30-8:00 p.m. was taking a shower and bent down to pick my soap up as I came back up a piece of fiberglass stuck in my upper left leg that put 14 stitches in my leg. Mr. Tenny knew about the shower and the administrator knew about the shower also because the Administrator told Mr. Tenny to fix the problem, but today is June 8, 2011, and still has refuse to fix the problem. August 4th, 2010 mu personel [sic] property was taking [sic] from me, over half my things like: Hygiene/canteen/stamps/books/radio/headphones/blue shoes/legal papers/family pictures/chess set/clothes. All thes[e] thing [sic] was never given back, and did not do anything wrong for them to take my stuff.

(Doc. No. 1 at 6). Based on the above factual allegations, Plaintiff contends that his Eighth and Fourteenth Amendments rights were violated, and he seeks injunctive relief, as well as compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

---

[1] The Burke County Sheriff's name is spelled "Winsent" in the Complaint, but the Burke County Sheriff's Office website identifies the Sheriff of that county as "Steve E. Whisenant."

[2] Although Plaintiff does not state in the Complaint whether he is suing the named Defendants in their official or individual capacities, or both, the Court assumes for purposes of this initial review that Plaintiff is suing Defendants in both capacities.

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III.   DISCUSSION

Plaintiff complains about four conditions of his confinement while he was incarcerated at Burke-Catawba: (1) the failure of doctors and nurses to give him hepatitis treatments as approved by prison officials; (2) that the food he was fed was unsanitary, not palatable, and sometimes rotten; (3) that he was injured in the shower when backing up against a piece of fiberglass and prison officials have not repaired the shower; and (4) various pieces of personal property were confiscated from him and not returned.

The Court notes, initially, that Plaintiff fails to state a claim as to various Defendants as a matter of law. First, the Burke County Sheriff's Office is not a legal entity capable of being sued. See Hill v. Robeson Cnty., N.C., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010). As to Sheriff Whisenant, Plaintiff makes no allegation in the Complaint whatsoever of any personal involvement by Sheriff Whisenant in any of the conduct that allegedly violated Plaintiff's Eighth Amendment rights. A claim based on the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The only other way a plaintiff can state a claim against a supervisor is by showing "(1) that the supervisor had actual

or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff has not plead any facts tending to show the Sheriff's knowledge of any of the problems he alleges.

Next, to the extent that Defendant "Lieutenant Bryant" was named as a Defendant, at most Plaintiff alleges that Defendant Bryant told Plaintiff that she was not in control of the kitchen when Plaintiff complained about the food. Plaintiff fails to state a cognizable legal claim against Defendant Bryant based on this allegation.

Even if Plaintiff had sufficiently pled someone's responsibility for the kitchen, his claim must still be dismissed. "Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim so long as the deprivation is serious and the defendant is deliberately indifferent to the need. King v. Lewis, 358 F. App'x 459 (4th Cir. 2009) (unpublished) (internal quotations and citations omitted). However, general complaints regarding jail food do not amount to a constitutional deprivation so long as the food is nutritionally adequate. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). Food that is adequate but unpleasant is constitutional. Id. Further, in order to state an Eighth Amendment claim regarding the quality of his food, Plaintiff must also allege some "deleterious effect" or "adverse physical effect," White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993); see also Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that to state Eighth Amendment claim inmate must allege that "he lost weight or suffered other

adverse physical effects or was denied a nutritionally and calorically adequate diet).

Here, Plaintiff does not make any allegation of a "deleterious effect" or other adverse physical effect due to the food served at the jail. Therefore, Plaintiff's claim will be dismissed for failure to state a claim for relief.

    A.    <u>Administrator Boughman and Robert Tenny</u>

Plaintiff alleges that he was injured in the shower, that Administrator Boughman told Tenny to fix the shower, and that Defendant Tenny failed to fix the broken shower.

> Generally, to state a claim under the Eight Amendment for cruel and unusual living conditions, plaintiff must allege sufficient facts to show that the challenged conditions objectively amount to a deprivation of a basic human need, and that, subjectively, prison officials acted with deliberate indifference toward an excessive risk to inmate health or safety. To satisfy the objective element of an Eighth Amendment claim of dangerous prison conditions, plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the alleged conditions. To meet the subjective element of such a claim, plaintiff must demonstrate that the defendant officials were aware of facts from which they could draw the inference that a significant risk of harm existed and that they, in fact, drew such an inference. Plaintiff must then show that the defendant officials disregarded such a risk by failing to take 'reasonable measures' to alleviate the danger.

<u>Jones v. Pittsylvania County Jail</u>, No. 7:05-cv-266, 2005 WL 1035406 (W.D. Va. May 3, 2005) (citations and quotations omitted). Plaintiff has pled sufficient facts to plausibly state an Eighth Amendment violation.

    B.    <u>Nurse Shook and Doctor Chapman</u>

Plaintiff alleges that Defendants Shook and Chapman failed to give him hepatitis treatments as approved by prison officials. This is sufficient to plead a claim for deliberate indifference to serious medical needs against Nurse Shook and Doctor Chapman. <u>See, e.g.</u>, <u>Estelle v. Gamble</u>, 429 U.S. 97, 104–105 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by

-5-

the Eighth Amendment," and this includes "indifference . . . manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.") (footnotes and internal quotation marks omitted).

      C.     <u>Property Claim</u>

With respect to Plaintiff's claim regarding his property, the Court notes that Plaintiff has not named any defendant in connection with this claim. Further, the crux of Plaintiff's Complaint is that his property was taken from him in violation of the Constitution and has not been returned. This claim is governed by <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981) and <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). In <u>Parratt</u>, the Supreme Court held that a state official's random and unauthorized negligent act causing the loss of a prisoner's property is not a violation of due process when the state provides a post-deprivation remedy. <u>Parratt</u>, 451 U.S. at 543. In <u>Palmer</u>, the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." <u>Palmer</u>, 468 U.S. at 533. North Carolina provides a remedy for deprivations of property which was lawfully seized. <u>See</u> N.C. GEN. STAT. § 15-11.1.

In addition, as was noted in <u>Wilkins v. Whitaker</u>, 714 F.2d 4, 6 (4th Cir. 1983), North Carolina law also authorizes individuals to bring actions for property which was unlawfully seized. <u>See</u> <u>Yates v. Jamison</u>, 782 F.2d 1182 (4th Cir. 1986) (reversing district court's award of relief for plaintiff's § 1983 action for destruction of property concluding that based on <u>Parratt</u>, that because North Carolina provides an "adequate and meaningful post-deprivation remedy in the form of an action in state court . . . ," plaintiffs could not state a claim for relief under §

-6-

Case 1:11-cv-00144-RJC   Document 7   Filed 09/04/12   Page 6 of 8

1983). Therefore, because Plaintiff possesses a meaningful post-deprivation remedy for loss of his personal materials, Plaintiff's property claim will be dismissed for failure to state a claim for relief.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. The Court has conducted its initial review and dismisses all of Plaintiff's claims against the Burke County Sheriff's Office, Lieutenant Bryant, and Sheriff Whisenant.

4. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants Shook, Chapman, Boughman, and Tenny in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant at all relevant times, and the Defendant's address. If Defendants do not waive service at their home addresses, their current place of employment shall furnish Defendants' home addresses to the U.S. Marshal. The summons and executed summons that will be served on Plaintiff after service is effectuated shall be redacted so that Defendants' home addresses are not included. Once the Court receives the summonses from Plaintiff, the Court will then direct the U.S. Marshal to effectuate service upon the named Defendants.

5. The Clerk is directed to mail this Order to officials at Burke-Catawba District Confinement Facility, 150 Government Dr., Morganton, NC 28655.

Signed: September 4, 2012

Robert J. Conrad, Jr.
Chief United States District Judge